Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9575 | **DATE** | 2/25/2013 |
| **CASE TITLE** | Quinonez vs. U.S. Dept. Of Justice | | |

**DOCKET ENTRY TEXT**

Accordingly, the petition fails and the motion to proceed *in forma pauperis* [3] is denied. Since the petition fails as a matter of law, the motion for appointment of counsel [4] is also denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

     Petitioner Jose Quinonez ("Petitioner") moves to proceed *in forma pauperis* without the full prepayment of filing fees. The Petitioner has filed a Petition for Mandamus, pursuant to 28 U.S.C. § 1361, to compel the Attorney General of the United States and the United States Department of Justice to withdraw the immigration detainer warrant lodged against him. Petitioner is currently serving a fifteen year prison sentence in the Illinois Department of Corrections for the Offense of Armed Violence. Petitioner's sentence includes that he serve a three-year term of supervised release upon his release from the Illinois Department of Corrections. According to the petition, the Petitioner is eligible for deportation pursuant to 8 U.S.C. § 1227(a)(4)(B). The crux of the petition is that the United States should not be able to detain and deport the Petitioner until after he serves the three-year period of supervised release.

     Petitioner makes the requisite showing of indigence. The Court, however, must look beyond Petitioner's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); s*ee also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## STATEMENT

In this case, the petition fails as a matter of law. The petition argues that the United States cannot detain Petitioner upon his release from the Illinois Department of Corrections, for purposes of instituting deportation proceedings, without first letting him serve his three-year period of supervised release in Illinois because it would violate Petitioner's due process rights. However, the Petitioner has no right to defer his removal during the pendency of a term of supervised release. Title 8 U.S.C. § 1231(a)(4)(A) specifically directs that "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation or possibility of arrest or further imprisonment is not a reason to defer removal." Moreover, 8 U.S.C. § 1226(c)(1) directs that the Attorney General shall take into custody any alien who is deportable for having committed a crime "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." Indeed, whether or not Petitioner is deported is irrelevant to the issue of whether Petitioner serves his term of supervised release because Petitioner is expected to abide by the terms and conditions of his supervised release once he has been deported. *See United States v. Akinyemi,* 108 F.3d 777, 779 (7th Cir. 1997) (holding that a sentence of supervised release does not terminate upon an individual's deportation). Finally, the Supreme Court has specifically held that "detention during removal proceedings is a constitutionally permissible part of the process." *Demore v. Kim,* 538 U.S. 510 (2003); *see also Gonzalez v. O'Connell,* 355 F.3d 1010, 1019-20 (7th Cir. 2004). Accordingly, the petition fails and the motion to proceed *in forma pauperis* is denied. Since the petition fails as a matter of law, the motion for appointment of counsel is also denied.